IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL MONTIGUE LEWIS,

      Petitioner,                                 No. CIV S-03-1410 GEB EFB P

      vs.

DAVID L. RUNNELS,

      Respondent.                             ORDER

/

      Petitioner is a state prisoner proceeding with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed November 4, 2008, this court ordered an evidentiary hearing on petitioner's *Batson*[1] claim in order to give the State the opportunity to present evidence regarding the prosecutor's reasons for the exclusion of two jurors from petitioner's jury.  On November 13, 2008, respondent filed a "motion for reconsideration before Magistrate Judge," in which he requests that this court exercise its discretion to "conditionally order the evidentiary hearing in the event the state trial court fails to conduct its own evidentiary hearing within a specified period of time."  Resp.'s Mot. Recon., at 2.  Respondent argues, in essence, that the state court is the better forum to conduct the evidentiary hearing on petitioner's

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986).

*Batson* claim. He reasons that the state court has not had the opportunity to consider petitioner's claim in light of recent United States Supreme Court authority, that the state Superior Court is in a better position to assess the credibility of the prosecutor, and that remanding the matter to state court would alleviate the overburdened federal court. *Id.* at 3. In support of his motion for reconsideration, respondent cites *Jackson v. Denno*, 378 U.S. 368, 396 (1964) (Supreme Court remanded a habeas petition to the state court to determine the voluntariness of a confession, stating that states have a "weighty interest in having valid federal constitutional criteria applied in the administration of its criminal law by its own courts and juries"); and *Hoi Man Yung v. Walker*, 468 F.3d 169, 178 (2nd Cir. 2006) (Second Circuit remanded a habeas petition to state court for an evidentiary hearing to determine whether the trial court properly excluded defendant's relatives from the courtroom, noting that "considerations of comity weigh heavily in favor of the state forum").

In his opposition, petitioner argues that the central issue at the evidentiary hearing will be the credibility of the prosecutor and the trial judge. Pet'r Opp'n at 1. Petitioner notes, however, that the judge who presided over his trial is now deceased and that the prosecutor has recently been appointed to the Sacramento County Bench. He argues that a hearing in which a state court judge is required to assess the credibility of a fellow judge would have the appearance of bias. In reply, respondent argues that there are state procedures which provide for disqualification of judges for bias and that these procedures would ensure that a detached and neutral judge would preside over the evidentiary hearing. Resp.'s Reply at 2.

The parties agree that this court has discretion to conduct the evidentiary hearing on petitioner's *Batson* claim in federal court or to permit the Sacramento County Superior Court to conduct the hearing. Resp.'s Mot. at 2; Opp'n at 1. Exercising that discretion, the court denies respondent's request to remand this matter to state court. The implication of respondent's argument that the state trial court is in a better position to assess the credibility of the prosecutor is that the judge who heard the trial would have an advantage in understanding the issues in the

context in which they arose at trial.  Here, however, the trial judge is now deceased and there is no specific advantage in remanding the matter to different judge who has no particular familiarity with this case.[2]  On the other hand, this court in reaching the issues addressed in its findings and recommendation for an evidentiary hearing has become quite familiar with the record and the issues involved and can readily proceed with the evidentiary hearing.  The court concludes that the interests of judicial economy and the expeditious resolution of petitioner's habeas petition dictate that the hearing be held in federal court.

Accordingly, it is hereby ORDERED that:

1. Respondent's motion for reconsideration is DENIED; and,

2. Due to the court's unavailability, the evidentiary hearing, previously set for January 5, 2009, is CONTINUED to February 2, 2009, commencing at 10:00 a.m. in Courtroom No. 25.[3]

DATED:  December 23, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Other than further delay and the potential need to obtain a judge from another county superior court if the prosecutor's appointment to the state bench necessitates the recusal of his fellow jurists on the Sacramento County Superior Court, there does not appear to be any difference that would be made by remanding this hearing to the state trial court.

[3] Should the new date cause conflicts in counsel's calendar, they make contact the undersigned's courtroom deputy at (916) 930-4172 to determine new dates and stipulate to continue the February hearing.